IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 13cv00945

ATLANTIC SPECIALTY INSURANCE COMPANY,
a New York corporation,

    Plaintiff,

v.

DEANS, INC.,
a New Mexico corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Atlantic Specialty Insurance Company ("Atlantic Specialty"), through its undersigned counsel, states the following Complaint against Defendant Deans, Inc. ("Deans"):

### Parties, Jurisdiction and Venue

1. At all relevant times, Atlantic Specialty was a New York corporation with its principal place of business in Minnetonka, Minnesota. At all relevant times, Atlantic Specialty was authorized to do business in the State of New Mexico.

2. At all relevant times, Atlantic Specialty insured property and business interests owned by Geronimo SWD, LLC and Judah Oil, LLC ("Geronimo/Judah Oil"), at a salt water disposal site located near the intersection of County Road 222 and Highway 82 east of Artesia, Eddy County, New Mexico.

3. Defendant Deans was, on information and belief, at all relevant times a New Mexico corporation with its principal place of business at 409 Commerce Road, Artesia, New

Mexico. At all relevant times Deans was doing business as an electrical contractor providing services to the oil production industry from its principal place of business in Artesia, New Mexico.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, because diversity exists between Plaintiff Atlantic Specialty and Defendant Deans and the amount in controversy is in excess of $75,000 excluding interest and costs.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 as the events or omissions giving rise to the claims in this civil lawsuit occurred in Eddy County, New Mexico in this judicial district.

## General Allegations

6. At all relevant times, Geronimo/Judah Oil owned the property and salt water disposal facility located near the intersection of County Road 222 and Highway 82 east of Artesia, Eddy County, New Mexico.

7. Geronimo/Judah Oil contracted with Deans to design and install a lightning protection system at the salt water disposal facility.

8. The lightning protection system Deans agreed to provide was intended to prevent a lightning strike at or near the salt water disposal facility from igniting a fire or otherwise damaging the facility.

9. Deans was at the salt water disposal facility on multiple occasions during 2012 to inspect the facility and to complete its work of designing and installing a lightning protection system at the facility.

10. Deans failed to properly design and install an adequate and functional lightning protection system at the Geronimo/Judah Oil salt water disposal facility.

11.     On August 19, 2012 a lightning strike ignited a fire at the salt water disposal facility.

12.     The lightning protection system designed by Deans and installed at the salt water disposal facility by Deans failed to protect the facility from lighting damage and the ignition of the fire.

13.     The fire spread through the salt water disposal facility, causing significant damage and destruction to the facility as well as disrupting Geronimo/Judah Oil's business operations.

14.     Deans is responsible for the acts and omissions of its employees who failed to properly design and install an adequate and functioning lightning protection system at the salt water disposal facility .

15.     After the August 19, 2012 fire, Geronimo/Judah Oil presented a claim to Atlantic Specialty for benefits under the Atlantic Specialty policy.  Atlantic Specialty made payments to or on behalf of Geronimo/Judah Oil for damages caused by the fire.  Atlantic Specialty is contractually and equitably subrogated to the extent of payments made to or on behalf of Geronimo/Judah Oil for damage resulting from the August 19, 2012 fire.

**First Claim for Relief**
**Against Deans - Negligence**

16.     Plaintiff adopts and incorporates by reference its General Allegations as if fully set forth herein.

17.     Deans owed a duty to Geronimo/Judah Oil to properly perform the design and installation of the lightning protection system at the salt water disposal facility and to insure that its work was completed in a good and workmanlike manner that would not result in damage to the salt water disposal facility .

18.     Deans breached its duty of care by failing to properly and reasonably perform the design and installation of the lightning protection system at the salt water disposal facility by

failing to perform its work in a good and workmanlike manner that would prevent foreseeable damage to the salt water disposal facility from occurring following a lightning strike.

19. Deans' breach of its duty proximately caused the August 19, 2012 fire that resulted in damages to Plaintiff in an amount to be proven at trial.

## Second Claim for Relief
### Against Deans - Breach of Contract

20. Plaintiff adopts and incorporates by reference paragraphs 1-19 above as if fully set forth herein.

21. Deans contracted with Geronimo/Judah Oil to design and install an adequate and functioning lightning protection system at the salt water disposal facility.

22. Deans had a duty to perform its contract obligations in a good and workmanlike manner and to design and install a functioning lightning protection system that was adequate to protect the salt water disposal facility from damage in the event of a lightning strike.

23. Deans performed work under contract with Geronimo/Judah Oil when Deans designed and installed a lightning protection system at the salt water disposal facility.

24. Deans breached its contract by failing to properly design and install the lightning protection system at the salt water disposal facility.

32. As a proximate consequence of Deans' breach of contract, Plaintiff sustained damages and losses in an amount to be proven at trial.

## Prayer for Relief

Having stated its causes of action against Defendant Deans, Inc., Plaintiff prays for judgment against Defendant as follows:

1. For damages in an amount to be determined at time of trial;
2. For Plaintiff's costs and expenses incurred herein

3.      For prejudgment interest and attorney fees as allowed by law; and

4.      For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 30th day of September, 2013.

Respectfully Submitted,

**COZEN O'CONNOR**

Thomas M. Dunford  #132548
Sarah Earle Killeen  #13833
707 17th Street, Suite 3100
Denver, Colorado  80202
720-479-3900
*Attorneys for Plaintiff Atlantic Specialty Insurance Company.*